Citation Nr: 1829860 
Decision Date: 09/05/18 Archive Date: 09/24/18

DOCKET NO. 11-10 049 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for dysthymic disorder with anxiety features, also claimed as anxiety and depression, to include as secondary to service-connected adenocarcinoma of prostate status post radical prostatectomy.



REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney at Law



WITNESS AT HEARING ON APPEAL

The Appellant



ATTORNEY FOR THE BOARD

S. Gordon, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1968 to September 1969 with service in the Republic of Vietnam. 

This matter comes to the Board of Veterans Appeals (Board) from a February 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico.

In March 2012, the Veteran testified at a Board hearing at the RO. In March 2017, the Board denied service connection for dysthymic disorder with anxiety features, also claimed as anxiety and depression, to include as secondary to service-connected adenocarcinoma of prostate status post radical prostatectomy.

The Veteran appealed the claim to the U.S. Court of Appeals for Veterans Claims (Court). In October 2017, the Court granted a Joint Motion for Partial Remand, vacating the Board's decision in part and remanding for additional proceedings.


REMAND

In the Joint Motion, the parties agreed to remand the issue of service connection for dysthymic disorder with anxiety features, also claimed as anxiety and depression, to include as secondary to service-connected adenocarcinoma of prostate status post radical prostatectomy, finding that the Board erred in relying on the February 2008 VA medical opinion. 

The Board acknowledges that in its March 2014 remand, the Board requested that the Veteran be afforded a new VA examination. Specifically, in March 2014, the Board recognized that the February 2008 VA examination was inadequate. Pursuant to the March 2014 Board remand, the Veteran was scheduled for a VA examination in April 2014; however, the record shows that the examination was cancelled shortly after. In May 2014, VA then sent a letter to the Veteran indicating that they received notice from the San Juan VA Medical Center stating that the Veteran would like to withdraw his appeal. In October 2014, the Veteran and his representative responded, indicating that the Veteran did not want to withdraw his appeal. The record is unclear as to why the Veteran cancelled the examination as it appears it was not the Veteran's intention or desire to withdraw his appeal. Furthermore, the record does not indicate that the RO has made any subsequent attempts to reschedule the Veteran for the examination. In order to ensure that all necessary development is completed in this case, to include compliance with the directives of the September 2017 Joint Motion, remand is required to obtain a new VA opinion that adequately addresses the question of whether the Veteran's service-connected adenocarcinoma caused or aggravated his dysthymic disorder.

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate any outstanding San Juan VA Medical Center treatment records for the Veteran.

2. Schedule the Veteran for an appropriate VA examination (by a different examiner than the person who conducted the February 2008 VA examination) to determine whether the Veteran's dysthymic disorder with anxiety features was caused or aggravated by service-connected adenocarcinoma of prostate status post radical prostatectomy. The claims file should be made available to the examiner for review. Based on the examination and review of the record, the examiner should offer an opinion as to the following:

a) Is it at least likely as not (50% or greater probability) that any dysthymic disorder with anxiety features is caused by service-connected adenocarcinoma of prostate status post radical prostatectomy?

b) Is it at least likely as not (50% or greater probability) that any dysthymic disorder with anxiety features is aggravated by service-connected adenocarcinoma of prostate status post radical prostatectomy?

The term "aggravation" means a worsening of the underlying condition beyond the natural clinical course and character of the condition due to the service-connected disability as contrasted to a temporary worsening of symptoms.

If aggravation is found, please attempt to establish a baseline level of severity of any dysthymic disorder with anxiety features prior to aggravation by the service-connected adenocarcinoma of prostate status post radical prostatectomy.

A rationale for all opinions must be provided. If the examiner cannot provide a requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. Additionally, the examiner must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner.

3. Readjudicate the issue on appeal. If any benefit sought on appeal remains denied, and after the Veteran has had an adequate opportunity to respond, issue a supplemental statement of the case. Then, return the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
James L. March
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).